CLEVELAND RY. CO. v. MacGILFREY.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7707.  Decided Dec. 19, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

1115.  STREET RAILWAYS—829.  Negligence—Evidence that plaintiff, while crossing at street intersection, was struck and injured by car which, without sounding of gong or other warning, was being switched from cross town line to main line, sufficient to support verdict for damages for such injury.

Error to Common Pleas.

Judgment affirmed.

Squire, Sanders & Dempsey, Cleveland, for Railway Co.

Payer, Minshall, Karch & Kerr, Cleveland, for MacGilfrey.

FULL TEXT.

VICKERY, J.

This cause comes into this court on a petition in error to the Common Pleas Court of Cuyahoga County.

In the court below MacGilfrey brought an action to recover damages for personal injuries claimed to have been received in a collision with one of the street cars owned by the defendant company; in said suit he recovered a verdict for $4,000, and upon a motion for a new trial being overruled, a judgment was entered upon this verdict and error to reverse that judgment is prosecuted to this court.

We have familiarized ourselves with the briefs, heard the arguments of counsel and can see no reason why this verdict and judgment thereon should be disturbed. It seems from the record that MacGilfrey on this February morning at about 6:45 o'clock, while it was still dark, was going north on the east side of East 105th Street, where said street crosses Superior Avenue; that before he entered on the street he looked up Superior Avenue and 105th Street. The traffic on East 105th Street was favorable for his crossing, there being street cars going north and south on 105th Street; that he started across Superior to take a trolley car to take him westward to his destination downtown, where he was going to work. While he was approaching the railway track, a street car owned by the defendant company going north on 105th Street, instead of proceeding across the Superior Street intersection, turned east from 105th Street on a switch track to go into the barn on Superior Avenue, and that no gong or notice of any kind was sounded from the street car; that it came up behind the plaintiff and before he knew it, he came in contact with this car and was injured as described in his petition.

It is argued that he was guilty of contributory negligence. The theory of it we are unable to ascertain. It would seem that it would have been the duty of the railroad company in switching that car from 105th Street to Superior Avenue, under the circumstances, it being done only occasionally and not as a regular thing, it would seem to have been the duty of the railroad company, I say, to sound a gong to notify foot passengers that are on the street of the unusual occurrence of the turn of the car. This not having been done, the railroad company was clearly guilty of negligence, and the record does not disclose, either from the plaintiff's testimony or from any other testimony, that the plaintiff was guilty of any more negligence than that of crossing the street, where he had the right to cross when the traffic was in his favor, and that he was injured without any fault or negligence on his part.

It is also urged that there was a failure of the jury to answer one of the interrogatories. In the first place, we do not think the interrogatory as propounded, corresponded with the statutory requirements in order to draw out what it was meant to ascertain. In the second place, we think it is immaterial. If nine had signed, it would have tied the matter up so that there could not have been any complaint, and inasmuch as it was claimed only eight signed, the interrogatory was not answered, although the attorneys being present did not notice the error that it was assumed nine had signed and that the interrogatories were properly answered.

In any event, we do not think there was such an error as would warrant this court in disturbing the verdict, substantial justice having been done in the premises.

The judgment below is, therefore, affirmed.

(Sullivan, PJ. and Levine, J., concur.)